CHARLES M. MORHOUS, as Administrator of the Estate of EDWARD LAUNDRY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31941.)

Court of Claims, January 24, 1955.

*George J. L. Taylor* and *Thomas A. Robinson* for claimant.

*Jacob K. Javits, Attorney-General (Harold S. Coyne* of counsel), for defendant.

SYLVESTER, J. On July 3, 1951, claimant's intestate was drowned at Davis Lake, Macomb Reservation, New York, an unsupervised public camp site and recreational center owned by the State of New York.

Davis Lake is an artificial body of water, approximately one-half mile long and 100 yards wide, created by the damming of Salmon River and is contained within the Clinton Reforestration Area Number One, consisting of more than 6,000 acres. Since the acquisition of the area from the Federal Government, the State retained and maintained a pump house, registration booth,

outdoor pavilion and toilet facilities under the supervision of a caretaker. However, no lifeguards were employed at the time of this accident, nor had any ever been employed at Davis Lake, except for about one month in 1949, following an incident thereat. From 1949 to 1951, during the summer months of July and August, there was an average of thirty to forty people swimming daily on weekdays and two boats using the facilities on weekdays, whereas on Saturdays, Sundays and holidays, there were from fifty to seventy-five swimmers and three to four boats daily.

On the day in question, the decedent visited Davis Lake, using his twelve-foot plywood boat rigged with an outboard motor. He decided to give five children, between the ages of eleven and eighteen years, a ride across the width of this small lake and for some unaccountable reason, the boat sank in midstream. The children were saved but claimant's intestate was, unfortunately, drowned. A subsequent examination of the boat disclosed no holes or defects therein.

Claimant predicates his claim in negligence on the omission of the State to furnish lifeguards and life-saving equipment at Davis Lake. In the circumstances here presented, it is regarded that no such onerous obligation may be imposed upon the State. To require every camp site to be fully supervised and their swimming areas manned by lifeguards would conceivably overburden the State so as to cause a discontinuance of such facilities to the detriment of the users thereof. There are many parks where bathing beaches are strictly supervised by the State, and, similarly, there are reservations and reforestation areas where the water facilities are not afforded the same degree of supervision. Considering the character of the enterprise and the extent of its use by the public, it would appear that an adequate degree of general supervision by the caretaker was here furnished consistent with the State's duty of reasonable care. (*Caldwell* v. *Village of Island Park*, 304 N. Y. 268, 273-274; and cases cited.) It cannot be said that the State failed to exercise a reasonable degree of care in its operation at Davis Lake or that it was remiss in its duty to the decedent.

Accordingly, judgment is directed dismissing the claim. The foregoing constitutes the written decision of the court (Civ. Prac. Act, § 440).