WnmiAM Gr. Easton, J.
This is a claim to recover damages for personal injuries sustained by the infant claimant, and for medical expenses and loss of sérvices sustained by the adult claimant, Jack Blank, the infant’s father. The claim has been duly filed, has not been submitted or assigned to any other officer or tribunal for audit or determination.
The claim is predicated upon the alleged negligence of the State of New York in connection with its ownership, maintenance, supervision and operation of Valley Stream State Park, Valley Stream, New York, on June 16, 1957, the date of the accident herein.
On June 16, 1957 the 27-month-old infant claimant, Robert Blank, his father and guardian ad litem, Jack Blank, his mother, a 14-year-old sister and a 6-year-old brother, arrived by automobile in one of the parking areas at Valley Stream State Park, and paid a 50 cent parking fee. After parking their car they proceeded on foot to a picnic area in the northern sector of the park where they settled at a picnic table and had their lunch at about 12 o’clock noon. During the time the lunch was being prepared, the infant claimant was walking about in the vicinity of the picnic table which the Blanks had chosen. The State had provided permanent stone grills for public use in this picnic area. In this sector there also were portable charcoal grills which had been brought into the park by members of the general public and which were in use.
After lunch, Jack Blank, the father, with his son, Lloyd, left the picnic area to go boating. The infant Robert was placed in his carriage for a nap and while he napped, his mother and sister read and talked with each other and sat on or near the picnic table. About a half hour later the infant claimant *587 awakened and was taken from Ms carriage by Ms mother and for a wMle they played ball together. After they stopped playing ball the infant claimant and Ms sister wanted to go to a water fountain some distance away and left their mother. Shortly after they had left, the mother heard a scream, turned and saw the infant claimant lying over a portable charcoal broiler about 10 or 12 feet away from the picnic table. As a result the infant claimant sustained severe .first degree burns on his body. The portable broiler or grill was metal, rectangular in shape, about 14 inches in length, less than a foot in width, stood on four metal legs about 10 inches from the ground, and contained burning charcoal. It had been brought into the park and was being used by a member of the general public visiting that picnic area. No other evidence was adduced as to the happening of the accident.
There was in effect at the time an ordinance duly promulgated by the Park Commission which in part provided as follows: “ Section 8. Fires. Lighted Cigars, etc. No person shall Mndle, build, maintain, or use a fire except in fireplaces provided for the purpose or under special permit. Any fire shall be continuously under the care and direction of a competent person over twenty-one years of age from the time it is kindled until it is extinguished, and no fire shall be built within ten feet of any tree, or building, or beneath the branches of any trees or in any underbrush. No person shall throw away or discard any lighted match, cigar or cigarette within, on or against any building, structure, boat, car, veMcle, or enclosure, or under any tree or in underbrush or grass, unless it be to deposit the same in a sMtable container provided for the reception therof. ’ ’ (Long Island State Park Ordinances.) It has been conceded by the State that the public was not prevented from bringing and using portable charcoal grills in the park. (State’s Proposed Findings of Fact No. 20.) Six park employees were assigned to the north picnic areas to watch out for safety factors, one man being assigned to each of the picnic areas which included the area involved herein.
Claimants contended that the State of New York was negligent in the following particulars:
1. In failing to enforce the above-quoted park regulation which it is urged was enacted by the Long Island State Park Commission ‘ ‘ for the benefit of the general public, of which the claimants were members of the class to be protected ’ ’.
2. In providing an insufficient number of personnel for the proper and adequate supervision of the picnic areas of the park and for the enforcement of its own safety regulations.
*588 Upon the evidence the court concludes that the State was not guilty of any negligence that contributed as a proximate cause to the happening of the accident involved herein.
The State’s failure to enforce the above-quoted ordinance does not by itself give rise to liability in favor of claimants. (Rivera v. City of New Amsterdam, 5 A D 2d 637 [1958].) Its intended purpose was to prevent damage to the park by fire and not to protect the interest of any individual user of the park facilities, such as the infant claimant, from the type of situation which allegedly caused his injuries. (Restatement, Torts, Vol. II, §§ 286, 287; Steits v. City of Beacon, 295 N. Y. 1, 56.) In Da Bocha v. New York City Housing Auth. (282 App. Div. 728), a bicycle case cited by claimants, the court quoted the observation in the Caldwell case (304 N. Y. 268) as to the relative nature of negligence and, as in Caldwell, found liability. The injury occurred in a housing project near one of four sprinkler showers set up by defendant for the benefit of children, of whom there were 5,000 in the housing project, and the court found inadequate general supervision to be a proximate cause of a child’s injury. The court did not hold that, the “ failure to enforce ”, by itself, gave rise to actionable negligence.
Claimants have not satisfactorily established that the State was negligent in failing to provide adequate supervision, care and maintenance in its operation of the park. There is no evidence of any prior similar accidents. Nor have claimants established that the accident which happened was reasonably foreseeable. The duty of supervision may require the regulation or prevention of such activities of park visitors as endanger others utilizing the park, and the State, in extending to its citizens an invitation to enter and use the recreational facility areas owes to those accepting that invitation a duty of reasonable and ordinary care against foreseeable dangers. What degree of care is reasonable necessarily depends upon the attendant circumstances. 1 ‘ Ordinary care must be in proportion to the danger to be avoided and consequences that might reasonably be anticipated from the neglect. * * * It must be commensurate with known dangers ”. (Sadowski v. Long Is. R. R., 292 N. Y. 448, 455, 456.)
We are not concerned here with something obvious and inherently dangerous such as the repeated explosions of fireworks (Caldwell v. Village of Island Park, 304 N. Y. 268) or ‘ ‘ crack-the-whip ’ ’ on an ice skating rink (Fritz v. City of Buffalo, 277 N. Y. 710). These and other cases cited by claimants furnish no criterion or guide for determination of what is or is not negligence in a case such as this involving its *589 own peculiar facts and circumstances. “ Each case depends upon its own peculiar circumstances. * * * Negligence arises from breach of duty and is relative to time, place and circumstance ” (Caldwell, supra, p. 274).
Upon this record we cannot say that the State, in the maintenance and supervision of the use of the park and its facilities, has failed to exercise reasonable care with respect to guests properly using the park, including the infant claimant, to the end that the public is protected from reasonably foreseeable harm.
Under the circumstances, claimants have failed to establish any actionable negligence on the part of the State of New York, and the claim should be dismissed.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.