IRWIN STREICKLER, an Infant, by LEO STREICKLER, His Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In our opinion, based upon these facts, the rule stated in *Caldwell* v. *Village of Is. Park* (304 N. Y. 268, 274) is applicable, namely: that "the municipality which extends to its citizens an invitation to enter and use recreational areas owes to those accepting that invitation a duty of reasonable and ordinary care against foreseeable dangers." The danger of ice on the ground may be just as great as that of a defect in the pavement. The situation here may not

be equated with the situation of snow and ice on public streets, from which the public may not be excluded merely because of a snowfall; or with the situation of snow and ice on private property, from which tenants may not be excluded and from which it may not be feasible or practicable to exclude visitors. A playground can be kept closed until the danger thereon is removed or otherwise disappears. Moreover, while persons walking on public streets or private property may be expected to be watchful for sporadic patches of snow and ice, it should not be expected that young boys playing ball in a playground or retrieveing balls there will be watchful for such dangerous areas. Christ, Hill and Rabin, JJ., concur; Hopkins, J., concurs for reversal, but dissents as to the reinstatement of the verdict, and votes for a new trial, with the following memorandum: The learned trial court set aside the verdict and dismissed the complaint on the ground, among others, that there was no evidence of actual or constructive notice of the alleged dangerous conditions. In my opinion, there was such evidence. However, the charge of the court did not instruct the jury either as to the necessity of a finding of actual or constructive notice in order to impose liability on the defendant Board of Education, or as to the nature and content of such notice. Under these circumstances, I am of the opinion that the interests of justice require a new trial, even though no exception was taken to the charge (*Faichney* v. *Ketelsen,* 250 App. Div. 868; *Goodheart* v. *American Airlines,* 252 App. Div. 660, 663; *Seitz* v. *Board of Educ., Union Free School Dist. No. 1,* 284 App. Div. 1022). Beldock, P. J., dissents and votes to affirm, with the following memorandum: If this accident took place on private property, there would be no liability (*Schwabl* v. *St. Augustine's Church,* 288 N. Y. 554). If this accident took place on the public sidewalk, there would be no liability (*Spicehandler* v. *City of New York,* 303 N. Y. 946). The majority is of the opinion that there is liability here merely because the defendant Board of Education did not exclude the public from this schoolyard on the Sunday morning when the accident occurred. I cannot agree with such an extension of the board's liability. To fasten liability on the board here would be to impose upon it toward its licensees a duty greater than the duty imposed upon all other property owners toward their licensees.