■ AARON BEHR, Respondent, v. DANA REALTY CORP., Appellant.— Judgment unanimously reversed, on the law, with $50 costs to appellant, and the complaint dismissed. The defendant landlord is not in possession of the premises here involved, it having leased them to a tenant who is in possession. They are being maintained by the tenant for private rather than public use. The landlord would only be liable for injuries sustained on these premises due to a defective condition if it retained "a measure of occupation and control over the leased premises" (De Clara v. Barber S.S. Lines, 309 N. Y. 620, 628). It appearing that the landlord did not exercise such measure of control there was no duty arising from this defendant to the plaintiff. Accordingly, the complaint should be dismissed. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ RAYMOND FARMER, as Administrator of the Estate of MICHAEL FARMER, Deceased, et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment on a verdict directed for defendant in a consolidated action for wrongful death and for personal injuries, unanimously reversed, on the law, on the facts and in the exercise of discretion, and a new trial directed, with $50 costs to abide the event. Plaintiffs seek recoveries for injuries and wrongful death suffered in a city park resulting from the city's failure to provide adequate police protection. Had plaintiffs not been unduly trammeled in the presentation of their case they might have been able, difficult as it may be, to make out a prima facie case under the apparent rule in Caldwell v. Village of Is. Park (304 N. Y. 268). (See, also, Connolly v. City of New York, 23 A D 2d 493.) Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.