■ Joseph Scurti, as Administrator of the Estate of John J. Scurti, Deceased, Appellant, v. City of New York et al., Respondents.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered July 23, 1973, in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiff's case, upon a jury trial. Judgment affirmed, without costs and without opinion. Martuscello and Brennan, JJ., concur; Shapiro, J., concurs on constraint of Lederman v. New York City Tr. Auth. (36 Misc 2d 571 [Shapiro, J.], affd. 21 A D 2d 751, mot. for lv. to app. den. 14 N Y 2d 488; Wolf v. Smith, 39 A D 2d 926, affd. 32 N Y 2d 724). Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which Hopkins, Acting P. J., concurs: Plaintiff's decedent, a 14-year-old boy, trespassed in a railroad freight yard, which adjoined a city operated playground. He climbed onto the roof of a stationary freight car, touched overhead wires, was severly burned and died from his injuries six weeks later. At the close of plaintiff's case the Trial Judge dismissed the complaint as to all the defendants on the theories that the defendant City of New York (hereinafter referred to as the city) breached no duty of care which was proximately related to the accident and that the defendant railroad companies refrained from willful or wanton conduct, which is the duty of care owed to a trespasser. In my opinion, giving plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence, a case sufficient for presentation to the jury was made out. As to the city the decedent was not a trespasser. Indeed, as a member of the public he had been invited by the city to play in the park. Thus the decedent, as an invitee, was owed a duty of reasonable care. The city owed a duty to keep the land in a reasonably safe condition, which included consideration of the known propensities of children to climb about and play (Caldwell v. Village of Is. Park, 304 N. Y. 268; Collentine v. City of New York, 279 N. Y. 119; Cappel v. Board of Educ., Union Free School Dist. No. 4, Northport, 40 A D 2d 848). The record is clear that the fence, which separated the playground from the freight yard, was in a state of disrepair and that there had been a series of similar accidents,

of which the city had had notice. The city owed to the decedent a duty to prevent, guard and warn against inherently dangerous conditions of which it was aware. The jury may well have found that the city breached this duty of care because it failed to repair the fence when it knew that infant invitees walked through a large opening, where the fence lay on the ground, into the highly dangerous freight yard. As to the defendant railroad companies our Court of Appeals has held that "if the owner of land leaves it open and accessible to children; if he knows that children use it for play; and if he leaves accessible to them [a dangerous condition] a case prima facie is made out if a child is thus injured" (*Patterson* v. *Proctor Paint & Varnish Co.*, 21 N Y 2d 447, 453 [bracketed matter supplied]; see, also, *Healy* v. *City of New Rochelle*, 25 A D 2d 446). Here the record demonstrates that the railroad companies knew the freight yard was open and accessible to children, that children often went through the openings in the fence to the freight cars to play and that the freight cars and overhanging wires constituted a highly dangerous condition to children. Therefore, in light of *Patterson* v. *Proctor Paint & Varnish Co.* (*supra*), it was error to dismiss the complaint at the close of plaintiff's case. *Wolf* v. *Smith* (39 A D 2d 926, affd. 32 N Y 2d 724), relied upon in the memorandum by Shapiro, J., is clearly distinguishable, because in that case the railroad freight yard was not adjacent to a playground or other facility at which children frequently gathered and played. The jury might have reasonably found that the injury resulted from the negligent failure of either or both categories of defendants to take appropriate measures for the protection of the children from the known hazards in the freight yard. Whether defendants had performed their duties of care were questions of fact which the trial court was unauthorized to settle as a matter of law (*Collentine* v. *City of New York*, 279 N. Y. 119, *supra*).