Jasen, J. (dissenting).
I agree with the Appellate Division that the trial court properly dismissed the complaint. When, as in the present case, the alleged negligence involves a failure to correct a dangerous situation, a municipality is not liable unless it received "notice and knowledge” within a reasonable time in which "to repair or guard against” the danger. (Cohen v City of New York, 204 NY 424, 427; accord Breil v City of Buffalo, 144 NY 163.) Although a municipality has a duty to maintain its parks and playgrounds in a reasonably safe condition, we have never extended that duty to hazards about which the municipality had no prior notice. The cases cited by the majority do not support a contrary view. In Nicholson v Board of Educ. (36 NY2d 798), the defendant received actual notice when it was specifically forewarned about the dangerous situation. Both Caldwell v Village of Is. Park (304 NY 268, 275) and Magid v City of New York (234 App Div 38, affd 259 NY 618) involved municipalities who had at least received constructive notice. However, my reading of the present record does not support a similar finding.
Without doubt, the defendant Housing Authority never received actual notice about the allegedly dangerous dog. The plaintiff offered no proof that, prior to the accident, anyone had complained of the dog’s presence in the playground area. Indeed, the manager of the adjoining apartment complex testified that he learned about the dog only after the accident occurred. Nor was the hazard so blatant and notorious that the authority can be presumed to have received constructive notice of a dangerous situation. Dealing with the issue of what constitutes constructive notice, Caldwell v Village of Is. Park (304 NY 268, supra) is misinterpreted by the majority. In *204 Caldwell, the plaintiff suffered an eye injury when a third party illegally exploded fireworks in a public park. The court held that when "it is or should be apparent or it otherwise comes to the attention of a municipality that its park is being used by visitors as a site for criminal and patently dangerous activities and that such use is likely to be continued * * * the municipality may not ignore the foreseeable dangers, continue to extend an invitation to the public to use the area and not be held accountable for resultant injuries.” (304 NY, at p 275 [emphasis added].) The Caldwell decision specifically stated that the injury resulted not "from a danger inherent in the ordinary play of children”, but from a hazard so great that the Legislature made such unsupervised discharge of fireworks a crime. (304 NY, at p 275.) Because the use of fireworks was so inherently dangerous, constructive knowledge of that use also established constructive knowledge of a dangerous situation.
In the present case, however, the mere presence of a dog in the playground is neither criminal nor patently dangerous. The alleged incident occurred in a public playground in which any pedestrian could freely bring a domesticated animal. Unlike the situation in Caldwell, where fireworks exploded over a course of several hours, the dog came into the playground for at most a few moments each day. The dog was always accompanied by his master. There is no evidence that, prior to the accident, the dog ever bit anyone or caused any physical injury. Even if one could infer a hazard from the fact that the dog allegedly chased children on several occasions, the plaintiff failed to establish that the authority had any notice of such occurrences. The undisputed testimony of both the victim and a companion was that over a four-month period, the dog chased them on only five or six occasions. In my opinion, notice should not be imputed ffom so sporadic and infrequent an occurrence. Indeed, any periodic observer would more likely have inferred that the dog presented no hazard, since on the vast majority of occasions master and dog walked peacefully without disturbing the activity of children at, play.
Nor should constructive notice arise from the fact that the dog’s master, George Arroya, was an employee at a nearby Housing Authority project. As a worker on the maintenance staff, Arroya did not hold any supervisory responsibilities and was not a representative of the authority. He was not on duty *205 when he walked the dog, and his employment responsibilities did not involve the public playground where the accident occurred.
Today’s decision comes close to transforming the authority and every municipality into an insurer for injuries caused by the many domesticated animals who habitually roam public areas. I cannot accept this extension of liability to dangers which the authority has no real opportunity to prevent.
Therefore, I conclude, as the Appellate Division did, that ”[u]nder the circumstances herein, having no prior notice, the defendant cannot be held responsible for the infant plaintiffs injuries”. (51 AD2d 1036, 1037.)
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Cooke; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.