■ CAROL RAY, as Administrator of the ESTATE OF CHEYENNE A. RAY, Deceased, Appellant, v STATE OF NEW YORK, Respondent. [760 NYS2d 571] —Mercure, J.P. Appeal from an order of the Court of Claims (Read, P.J.), entered February 26, 2002, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

On August 5, 1996, Cheyenne A. Ray (hereinafter decedent) drowned at Grafton Lakes State Park in Rensselaer County. Decedent, a five-year-old nonswimmer, was on an outing with a group of eight adults and children and in the care of 20-year-old Melissa Rodriguez. Shortly after 12:15 P.M., decedent entered the bathing area of Grafton Lake with Rodriguez's permission and walked past a buoy line to play in water up to her stomach. Decedent was in water between two buoy lines when she disappeared below the surface. The water at the first buoy line was 19 inches deep and a second buoy line marked a depth of 4 feet, 10 inches. She was discovered by another bather at approximately 12:42 P.M. at a depth of 4 feet, 3 inches. Lifeguards' efforts to revive decedent proved unsuccessful and she was later pronounced dead at Albany Medical Center.

Claimant filed this claim on behalf of decedent seeking damages from defendant for personal injury and wrongful death. Claimant contended in her amended bill of particulars that defendant violated 10 NYCRR 6-2.19 (4.7.1) by failing to place a buoy line at a water "depth of three to four feet," and 10 NYCRR 6-2.17 (a) (5) by having an insufficient number of lifeguards at the facility. Claimant also asserted that the lifeguards failed to adequately monitor swimmers during a lifeguard shift switch at 12:30 P.M. and failed to observe decedent when she entered deep water. Following joinder of issue, defendant moved for summary judgment dismissing the claim, and the Court of Claims granted the motion. Claimant appeals, and we affirm.

While defendant is not an insurer of the safety of those who use its parks (see Curcio v City of New York, 275 NY 20, 23 [1937]), it does have the duty to maintain its parks in a "reasonably safe condition," including the provision of "an adequate degree of general supervision" (Caldwell v Village of Is. Park, 304 NY 268, 273 [1952]; McAauliffe v Town of New Wind-

*sor,* 178 AD2d 905, 906 [1991]). Here, defendant offered evidence that it employed properly trained and certified lifeguards and that the lifeguard shift change was performed pursuant to state protocol and American Red Cross guidelines mandating uninterrupted coverage of the water. In addition, defendant submitted an affidavit from Darwin De Lappa, the Director of Water Safety for the Office of Parks, Recreation and Historic Preservation, indicating that defendant "met all code requirements for bather density and lifeguard positioning." Indeed, although state regulations require only that one lifeguard be on duty for every 50 yards of beachfront (10 NYCRR 6-2.17 [a] [4]), De Lappa averred that there were two lifeguards stationed in the 48-yard section in which decedent drowned. Thus, defendant made a prima facie showing of entitlement to summary judgment (*see Curcio v City of New York, supra* at 24; *Bumpher v County of Westchester,* 300 AD2d 525, 526 [2002]).

In response, claimant offered only generalized assertions that the water seemed crowded and a speculative opinion from her expert, Alden Gaudreau—whose training as an engineer did not provide him with the specialized knowledge, skill, training or education necessary to qualify him as a water safety expert (*see Matott v Ward,* 48 NY2d 455, 459 [1979]; *Hofmann v Toys "R" Us—NY Ltd. Partnership,* 272 AD2d 296, 296 [2000])—that the crowded conditions reflected in witness statements caused a reduction in supervision that contributed to decedent's death. Moreover, inasmuch as claimant failed to offer any proof that decedent drowned during the shift change, Gaudreau's further opinion that distraction caused by the shift change contributed to decedent's death is also purely speculative. Finally, assuming that the placement of the second buoy line at a water depth of 4 feet, 10 inches instead of the regulatory depth of four feet (*see* 10 NYCRR 6-2.19 [4.7.1]) was evidence of negligence, claimant failed to establish that the violation of this provision was a proximate cause of the fatal accident of decedent, whose height was 3 feet, 6 inches (*see Overton v City of New York,* 89 NY2d 850, 851 [1996]). Accordingly, we conclude that although this accident was tragic, claimant failed to raise a triable issue of fact regarding defendant's liability and defendant's motion for summary judgment was properly granted (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.