■ GRACE GRAHAM et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [824 NYS2d 162]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated September 30, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

During the early afternoon of August 10, 2002 an unusually large number of swimmers were rescued from the waters off Cupsogue County Park, the defendant's beach, when a rip current developed and pulled swimmers seaward. Later that afternoon, the lifeguards implemented the usual procedure for closing down the beach at 5:30 P.M., the normal closing time. As part of that procedure, the lifeguards directed all swimmers to leave the water. At that time, lifeguard Brian Babst encountered two teenaged boys, the decedent, Kymani Green, and his companion, on the beach, "right in front of the [lifeguard]

tower." The boys questioned Babst as to why they were being removed from the water. Babst explained that the lifeguards were going off duty at that time, that the water would accordingly be unprotected, and that swimming was therefore prohibited at that time. That was the last time that Babst saw the two boys before closing down the beach that day. After all the lifeguards departed the beach, the decedent and his companion returned to the water. Both boys encountered difficulty swimming in the ocean and Green drowned.

In support of its motion for summary judgment dismissing the complaint, the defendant established, prima facie, that it was not under a duty to warn swimmers that a dangerous rip current had developed earlier that afternoon (*see Sartoris v State of New York,* 133 AD2d 619 [1987]) and that Green's death was not proximately caused by any alleged negligence on its part. Notably, Babst, the defendant's employee, personally warned the decedent that swimming in the ocean was prohibited after 5:30 P.M. since the lifeguards went off duty at that time and the waters would be unprotected. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the motion.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.