■ BRADLEY JOHNSON, as Administrator of the Estate of AKIRA JOHNSON, Deceased, et al., Respondents, v CITY OF NEW YORK, Appellant. [995 NYS2d 132]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated October 26, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On July 26, 2008, Akira Johnson, a 10-year-old girl, and her cousin, Tyriek Currie, a 10-year-old boy, were in the water together off the beach at Coney Island. They were about five feet from each other, in water up to Akira's neck and up to Tyriek's chest, when they lost their footing. A lifeguard saw the children struggling, and he signaled to other lifeguards stationed nearby. Several lifeguards went into the water. They were able to rescue Tyriek, but they could not find Akira, who had disappeared beneath the surface. Her body was found several days later.

The plaintiffs commenced this action against the City of New York to recover damages for, among other things, wrongful death and negligence. After discovery was completed, the City moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the City appeals.

Although the City is not an insurer of the safety of the users of its parks, including its beaches, it has the duty to maintain them in a "reasonably safe condition" (*Caldwell v Village of Is. Park*, 304 NY 268, 273 [1952]; *see Taveras v City of New York*, 108 AD3d 614, 615 [2013]). This duty includes the City's exercise of ordinary care by providing an "adequate degree of general supervision" (*Curcio v City of New York*, 275 NY 20, 24 [1937]; *see Taveras v City of New York*, 108 AD3d at 615). In support of its motion for summary judgment, the City established its prima facie entitlement to judgment as a matter of law by submitting evidence that it had furnished a sufficient number of lifeguards, that those lifeguards were experienced and competent (*see Curcio v City of New York*, 275 NY at 24), that they were adequately trained and properly certified (*see*

*Ray v State of New York*, 305 AD2d 791, 792 [2003]), and that they reacted to the situation in accordance with proper procedure (*see Taveras v City of New York*, 108 AD3d at 615-616). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Bumpher v County of Westchester*, 300 AD2d 525, 526 [2002]).

Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint.

In light of our determination, we need not address the City's remaining contentions. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.