■ RAMKHELAWAN SEETARAM, Appellant, v STATE OF NEW YORK, Respondent. [48 NYS3d 674]—

In a claim to recover damages for wrongful death, the claimant appeals from an order of the Court of Claims (Lopez-Summa, J.), dated June 30, 2014, which granted the defendant's motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

On August 3, 2009, the decedent, Narie Nicholas Balkaran, drowned while swimming at Jones Beach State Park after a rip current pulled him away from the shore. In a claim dated May 23, 2011, Ramkhelawan Seetaram, the decedent's grandfather and the administrator of his estate (hereinafter the claimant), alleged, inter alia, that the defendant was negligent in failing to warn about the presence of rip currents and failing to close the beach. The defendant moved for summary judgment dismissing the claim, arguing that it had no duty to warn, that it satisfied its general duty to provide adequate supervision of the beach, and that the decedent assumed the risk inherent in swimming in the ocean. The Court of Claims granted the defendant's motion. The claimant appeals. We affirm.

As a preliminary matter, contrary to the claimant's contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply in this case, since the defendant's knowledge as to the cause of the decedent's accident is no greater than that of the claimant (*see Weinstein v Nicolosi*, 117 AD3d 1036, 1037 [2014]; *Hod v Orchard Fields, LLC*, 111 AD3d 794, 794-795 [2013]).

Turning to the merits, "the State 'must act as a reasonable

[person] in maintaining [its] property,' " such as a park, " 'in a reasonably safe condition' " (*Preston v State of New York*, 59 NY2d 997, 998 [1983], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Caldwell v Village of Is. Park*, 304 NY 268, 273 [1952]). "The duty goes beyond the mere maintenance of the physical condition of the park" (*Caldwell v Village of Is. Park*, 304 NY at 273), as there is a "recognized duty of general supervision" (*Heard v City of New York*, 82 NY2d 66, 71 [1993]). The degree of general supervision must be "adequate" (*Johnson v City of New York*, 121 AD3d 947, 947 [2014] [internal quotation marks omitted]; *see Caldwell v Village of Is. Park*, 304 NY at 273-274). Here, in support of its motion for summary judgment, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that it furnished a sufficient number of lifeguards, that those lifeguards were experienced and competent, and that they reacted to the situation in accordance with proper procedure (*see Johnson v City of New York*, 121 AD3d at 947-948). In opposition, the claimant failed to raise a triable issue of fact (*see id.*; *Bumpher v County of Westchester*, 300 AD2d 525, 526 [2002]).

Furthermore, the defendant has no duty to warn swimmers of threats arising from the existence of natural, transitory conditions of the ocean floor (*see Herman v State of New York*, 63 NY2d 822, 823 [1984]; *Saland v Village of Southampton*, 242 AD2d 568, 568 [1997]; *Smyth v County of Suffolk*, 172 AD2d 741, 742 [1991]; *Perez v Town of E. Hampton*, 166 AD2d 640, 640 [1990]), including rip currents (*see Graham v County of Suffolk*, 34 AD3d 527, 528 [2006]; *cf. DeWick v Village of Penn Yan*, 275 AD2d 1011, 1012 [2000]). The Court of Claims therefore properly concluded, as a matter of law, that the claimant could not recover for the defendant's allegedly negligent failure to warn (*see Herman v State of New York*, 63 NY2d at 823).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.