■ ALEJANDRO COURTNEY, JR., Appellant, v STATE OF NEW YORK, Respondent. [61 NYS3d 256]—

In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Lopez-Summa, J.), dated April 28, 2015, which granted the defendant's cross motion for summary judgment dismissing the claim and denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The claimant allegedly was injured when he struck his head while diving into waves at Jones Beach State Park. In a claim dated July 25, 2011, the claimant alleged that the negligence of the defendant, the State of New York, caused his injuries. The claimant moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the claim, arguing that it had no duty to warn, that it satisfied its general duty to provide adequate supervision of the beach, and that the claimant assumed the risks inherent in swimming in the ocean. The Court of Claims granted the defendant's cross motion and denied the claimant's motion. The claimant appeals. We affirm.

Governmental entities owe a duty to " 'act as a reasonable [person] in maintaining [their] property in a reasonably safe condition' " (*Preston v State of New York*, 59 NY2d 997, 998 [1983], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Caldwell v Village of Is. Park*, 304 NY 268, 273 [1952]). "The duty goes beyond the mere maintenance of the physical condition of the park" (*Caldwell v Village of Is. Park*, 304 NY at 273), as there is also a "recognized duty of general supervision" (*Heard v City of New York*, 82 NY2d 66, 71 [1993]). The degree of general supervision must be "adequate" (*Caldwell v Village of Is. Park*, 304 NY at 273).

Here, in support of its cross motion for summary judgment dismissing the claim, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that it furnished a sufficient number of lifeguards, that those lifeguards were experienced and competent, and that they reacted to the situation in accordance with proper procedure (*see Seetaram v State of New York*, 146 AD3d 916, 917 [2017]). Furthermore, the defendant had no duty to warn swimmers of threats arising from the existence of natural, transitory conditions of the ocean floor (*see id.* at 917). In opposition, the claimant failed to raise a triable issue of fact. The claimant's remaining contentions are without merit. Accordingly, the Court of Claims properly granted the defendant's cross motion for summary judgment dismissing the claim.

For the same reasons, the claimant failed to establish his

prima facie entitlement to judgment as a matter of law because he did not demonstrate that the defendant breached a duty of care that was owed to him. Therefore, the Court of Claims properly denied the claimant's motion for summary judgment on the issue of liability. Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.