Agness v State of New York (2018 NY Slip Op 01747)





Agness v State of New York


2018 NY Slip Op 01747


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


235.1 CA 18-00275

[*1]RANDY AGNESS AND ANNETTE AGNESS, CLAIMANTS-RESPONDENTS,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 123203.) (APPEAL NO. 2.) 






ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 


 Appeal from a judgment of the Court of Claims (Diane L. Fitzpatrick, J.), entered August 30, 2017. The judgment granted claimants partial summary judgment on the issue of liability. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced this action seeking damages for injuries that Randy Agness (claimant) sustained as a result of being bitten by a rabid fox while camping at Sampson State Park. Defendant appeals from an interlocutory judgment denying defendant's motion for summary judgment dismissing the claim and granting claimants' motion for partial summary judgment on the issue of liability.
Defendant contends that the Court of Claims erred in granting claimants' motion and denying its motion inasmuch as it was engaged at all relevant times in a governmental function involving the exercise of discretion, and it was therefore immune from liability for money damages. We reject that contention. " When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose' " (Turturro v City of New York, 28 NY3d 469, 477 [2016], quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). "The relevant inquiry in determining whether a governmental agency is acting within a governmental or proprietary capacity is to examine . . . the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred' " (Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447 [2011], rearg denied 18 NY3d 898 [2012], cert denied 568 US 817 [2012], quoting Miller v State of New York, 62 NY2d 506, 513 [1984]).
Here, claimant's injuries allegedly resulted from defendant's negligent failure to take adequate steps to protect park patrons from reasonably foreseeable danger, despite having actual notice of a potentially rabid animal on the park premises hours before the incident. "It is well settled that regardless of whether or not it is a source of income the operation of a public park by a municipality is a quasi-private or corporate and not a governmental function" (Caldwell v Village of Is. Park, 304 NY 268, 273 [1952]). Further, "a municipality is under a duty to maintain its park . . . facilities in a reasonably safe condition" (Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]). That "duty goes beyond the mere maintenance of the physical condition of the park . . . and, although strict or immediate supervision need not be provided, the municipality may be obliged to furnish an adequate degree of general supervision which may require the regulation or prevention of such activities [or other conditions] as endanger others [*2]utilizing the park" (id.). Thus, we conclude that the court properly determined that claimants' allegations that defendant failed "to minimize the risk posed with a relevant warning and effective notification to the [p]ark [p]olice" implicated defendant's proprietary, not governmental, duties.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court