JOSEPH ROTH, Administrator, etc., of JEAN ROTH, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent.

(Claim No. 25302.)

JOHN J. MURPHY and ELIZABETH F. MURPHY, as Administrators, etc., of MARY ELIZABETH MURPHY, Deceased, Appellants, v. THE STATE OF NEW YORK, Respondent.

(Claim No. 25303.)

Fourth Department, July 2, 1941.

*Southworth & Malone* [*M. Francis Malone* of counsel], for the claimant Roth.

*Leo O. & Henry F. Coupe* [*Leo O. Coupe* of counsel], for the claimants Murphy.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Assistant Attorney-General,* of counsel], for the respondent.

PER CURIAM. Verona Beach is a popular bathing place on Oneida lake, attracting thousands of bathers. When the State constructed the Barge Canal it deepened the water adjacent to Verona Beach for the use of boats as a turning basin, the water suddenly dropping from a depth of three or four feet to about ten feet. The title to the bed of Oneida lake is held by the State of New York in trust for the people of the State. The public has the right to use the waters of Oneida lake " for recreation and enjoyment." (*Granger* v. *City of Canandaigua*, 257 N. Y. 126, 131.) Claimants' intestates had the right in common with the public to bathe in the waters of Oneida lake.

The State knew that people in the exercise of their right would bathe at Verona Beach and knew that the turning basin created an unusual danger and an unreasonable risk for them and that they would not discover the condition.

It was the duty of the State, as long as it permitted such dangerous condition to continue, to warn bathers of the danger. (Restatement of the Law of Negligence, § 345.)

Even as to licensees the State was bound not to create and continue a condition which would be a trap or pitfall to bathers at Verona Beach. (Restatement of the Law of Negligence, § 342; 45 C. J. Neg. §§ 211, 212.)

The claimants' intestates were not shown to have voluntarily exposed themselves to unreasonable risk. (Restatement of the Law of Negligence, § 466, comment on cl. (a), ¶ c.)

The State's failure to take any action to prevent bathers at Verona Beach from stepping into this deep hole amounted to reckless disregard of their safety. The children could not be held guilty of contributory negligence unless it was found that they knew that the turning basin had been constructed and realized the risk of falling into it and unreasonably and recklessly exposed themselves to such risk. (Restatement of the Law of Negligence, § 482, subd. 1, comment a.)

The judgment in each case should be reversed upon the law and the facts and a new trial granted, with costs to the appellants to abide the event.

All concur, except CROSBY, P. J., and TAYLOR, J., who dissent and vote for affirmance on the following grounds: 1. That as a matter of law there was no negligence on the part of the State; 2. That as a matter of law the decedent was guilty of contributory negligence; 3. That, in any event, decedent was at most a bare licensee to whom the State owed no duty of active care. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

In each case: Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.