## (March 26, 1951.)

■

JOSEPH CASONI, as Administrator of the Estate of JEAN I. CASONI, Deceased, Respondent, v. TOWN OF ISLIP, Appellant. — In an action to recover damages for the death of plaintiff's intestate by drowning, defendant appeals from an order setting aside a verdict in its favor and granting a new trial. Order affirmed, with costs. On August 29, 1948, decedent, fourteen years old, and 5 feet 3 inches tall, was bathing at a beach maintained by defendant primarily for children. At a point about 600 feet out from the shore, the water was between 3.3 and 4.1 feet deep at low tide and at the time of the accident; at a point about 800 feet out from the shore, the water was 4.5 feet deep. However, some time in 1946, at a point about 600 or 650 feet from the shore, in order to transfer sand from the bed of the Great South Bay to the upland beach, defendant had created an area — approximately one-half acre — the bottom of which area at low tide suddenly dropped from a depth of 3.4 feet to a depth of 9.3 feet to 10.3 feet. There was no notice or warning of any kind given to bathers that this deepened area existed or of the place where it existed. On the day of the accident decedent and her companion walked into the water to a point about 650 feet from the shore. There were bathers standing up beyond that point. Decedent was unexpectedly precipitated from the shallow into the deep area and drowned. In our opinion, these circumstances show that defendant was guilty of negligence. Decedent could not be held guilty of contributory negligence unless it were found that she knew that the deepened area had been constructed, realized the risk of falling into it, and unreasonably and recklessly exposed herself to such risk. (*Roth* v. *State of New York,* 263 App. Div. 1062, affd. 289 N. Y. 726; 262 App. Div. 370.) There was no such evidence here. Johnston, Acting P. J., Sneed and MacCrate, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the order and to reinstate the

verdict, with the following memorandum: On the record the issues of negligence and contributory negligence were for the jury and no ground appears for setting aside the verdict. [198 Misc. 661.]