■ ROBERT E. LA ROCCO, an Infant, by His Guardian ad Litem MICHELE J. LA ROCCO, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 31434.) — This is an appeal from the judgment of the Court of Claims dismissing the claim. In May of 1952, the claimant, 16 years of age, in company with others, went to Jones Beach and while in the water made a surface dive resulting in serious and permanent injuries. The record discloses that the beach was scheduled to open on May 30 but because of the unseasonable hot weather, one section was opened on the day of the happening of the accident, May 24, but the place where the claimant was swimming was not within the area opened. There was testimony that when claimant made the dive, he apparently struck the sand, the inference being that there was a sand bar at that particular spot which made the water more shallow than in the surrounding area. While it is unfortunate that the claimant sustained injuries, we are constrained to affirm the decision of the lower court dismissing the claim which is based upon the failure of the State to examine the ocean floor adjacent to the beach and a lack of proper supervision. The happening of an accident does not, of necessity, predicate negligence. Failure to inspect and discover as to whether a sand bar existed on the floor of the ocean at some given point would place upon the authorities the duty and obligation of being the insurors of all those coming to the beach and bathing in the ocean. The testimony here is that Jones Beach is approximately 20 miles long. The duty under circumstances similar to this has been defined by Chief Judge CONWAY in *Caldwell* v. *Village of Is. Park* (304 N. Y. 268, 273) where he said: "Although it has been held that strict or immediate supervision need not be provided, the municipality may be obliged to furnish an adequate degree of general supervision." And again at page 274: "In short, the municipality which extends to its citizens an invitation to enter and use recreational areas owes to those accepting that invitation a duty of reasonable and ordinary care against foreseeable dangers. What degree of care is reasonable necessarily depends upon the attendant circumstances and is a jury question. 'Essentially,

what is negligence in a given case is a question of fact. Each case depends upon its own peculiar circumstances. Decisions in other actions in which damages are sought for personal injuries furnish no criterion or guide for determination of what is or is not negligence in a particular case involving its own peculiar facts and circumstances. Under circumstances existing in one case the ordinary care required might not be the same as that required under other circumstances. Negligence arises from breach of duty and is relative to time, place and circumstance' ". We are not dealing here with something obvious as the repeated explosions of fireworks, or horse play in a municipal swimming pool, where not only the question of notice is patently established but the condition is caused by some other activity besides the park or beach and which proper supervision would curtail. Even in such cases the individual facts would govern the question of liability. The duty of supervision is contiguous to foreseeable events. It has been held as to the operation and management of its schools, hospitals and other institutions, the State is liable only for hazards reasonably to be foreseen and reasonably to be perceived. (*Flaherty* v. *State of New York*, 296 N. Y. 342, 346.) Such a rule of law is applicable here. In the present case, there was a duty and obligation on the part of the claimant to be reasonably certain that the water was of such depth as to permit his actions in safety and his failure to do so justified the finding of negligence on his part. From the record as a whole we are unable to find any act of commission or omission on the part of the State which would constitute negligence as a matter of law. The court below has found as a question of fact that there was none and we are satisfied that its finding was correct. Judgment of the lower court unanimously affirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ. [7 Misc 2d 161.]