GLEN HERMAN, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 62036.)

Second Department, June 13, 1983

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Peter J. Dooley* and *Jeremiah Jochnowitz* of counsel), for appellant-respondent.

*Leight, Weinstein & Gershuny* (*Michael J. Grenthal* of counsel; *Michael J. Krakower* on the brief), for respondent-appellant.

OPINION OF THE COURT

TITONE, J. P.

The question before this court is whether, under the circumstances, the State of New York had the legal duty to post signs warning bathers of the presence of sandbars at Jones Beach in Long Island.

On August 4, 1976, the claimant, Glen Herman, proceeded to the West End 2 section of Jones Beach with three friends. Earlier that summer he had frequented that area

of the beach approximately six times. Upon entering the water on August 4, he proceeded about 75 to 100 feet from shore. He then executed a surface dive and, as a result, sustained severe personal injuries when his head struck a sandbar.

The claimant testified that he did not observe the sandbar prior to diving. However, he admitted being familiar with this area of the beach, and conceded that he had bathed there on many prior occasions, including the six prior occasions that summer.

Evidence was also adduced at the trial that two divers were involved in similar accidents at Jones Beach in 1974 and 1975, respectively, and that a report of each incident had been filed with the State. Moreover, it was uncontroverted that formations of sandbars are phenomena common to ocean beaches, and, specifically, that the West End 2 section of Jones Beach is particularly prone to sand accretion due to the jetty constructed in the area in 1939. It was also noted that because of the dynamic nature of the ocean's topography, sandbars often vanish within one day of their formation. In addition, evidence was adduced that public attendance at the West End 2 area on the day of the claimant's accident was estimated at between 3,400 and 6,000 people.

After trial, the Court of Claims found that the State's negligence was the proximate cause of the claimant's accident (109 Misc 2d 455). It then found the claimant 50% negligent in failing to ascertain the depth of the water before he dove. The parties have cross-appealed from the interlocutory judgment entered upon these findings. We disagree with the determination of the court that the State was negligent in failing to provide adequate warning signs to bathers with respect to the presence of sandbars. Accordingly, the interlocutory judgment should be reversed and the claim dismissed.

We acknowledge that liability for failure to warn the public of a dangerous condition is reasonably imposed upon a governmental body when it creates or contributes substantially to the creation of that condition (see *Mendez v State of New York,* 56 Misc 2d 143; *Surmanek v State of*

*New York,* 24 Misc 2d 102; *Casoni v Town of Islip,* 278 App Div 715; *Lawson v State of New York,* 207 Misc 542, affd 1 AD2d 796). However, the present controversy involves a natural as opposed to man-made hazard. As indicated above, sandbars are naturally occurring phenomena common to ocean beaches. In this instance, the State did nothing to create sandbars or foster their presence. Unlike the claimant in *Lawson* (*supra*), the claimant herein was not affirmatively misled as to the water's depth at the subject location.

Moreover, the highly transitory nature of sandbars leads us to conclude that the imposition of a duty to warn upon the State would be both impractical and of little value in preventing injury. It is true that the courts of New York have often imposed liability upon a defendant for failure to warn of a naturally occurring dangerous condition of which the defendant had prior notice (see, e.g., *Kittle v State of New York,* 245 App Div 401 [dangerous cliff in State park]; *Dakin v State of New York,* 284 App Div 53 [falling rocks in State park]; *Harrington v State of New York,* 33 Misc 2d 598 [submerged rock on lake bottom]; *Piche v State of New York,* 202 Misc 84 [fixed dropoff in lake bottom]). However, each of the cited cases involved a hazardous condition which was in a fixed location and which was therefore susceptible to remedy by the defendant or isolation from the public. Conversely, the present case concerns the formation of sandbars, structures which may change location within hours and are thus impossible to monitor. Consequently, even if we were to assume, *arguendo,* that the present defendant had sufficient prior notice of a dangerous condition at Jones Beach, the factual distinctions between the case at bar and the decisions above render then inapposite.

Additionally, the value of a warning is particularly questionable where, as here, the claimant knew or should reasonably have known of the dangers posed by sandbars as a result of his diving experience and familiarity with the area. A warning sign is useless where the danger warned against is known (*Pope v State of New York,* 198 Misc 31, affd 277 App Div 1157). Indeed, there is no evidence in this record that the employment of signs would have prevented

the accident. One who engages in water sports is deemed to assume the reasonably foreseeable risks inherent in the activity (*Curcio v City of New York*, 275 NY 20; see *Akins v Glens Falls City School Dist.*, 53 NY2d 325). It was clearly incumbent upon the claimant to take precautions commensurate with the potential dangers involved, which he knew or should have known existed. Thus, the fact that construction of a jetty subjected the area to greater sandbar action than in other sections of Jones Beach has no relevancy under the circumstances.

The interlocutory judgment of the Court of Claims should therefore be reversed and the claim dismissed, without costs or disbursements.

MANGANO, GIBBONS and WEINSTEIN, JJ., concur.

Interlocutory judgment of the Court of Claims, dated June 22, 1981, reversed, on the law, without costs or disbursements, and claim dismissed. No questions of fact have been raised or considered.