*823
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 On August 4, 1976, plaintiff and three friends went swimming at the West End No. 2 section of Jones Beach, which plaintiff had frequented at least six times earlier that summer, and often before that. Plaintiff proceeded into the deepening water until it was waist-high, and executed a surface dive. His head struck a sand bar not visible to him from the surface, and he sustained serious permanent injuries. Allocating 50% of the responsibility to plaintiff’s own culpable conduct, the Court of Claims entered judgment for plaintiff on the issue of liability, finding a duty to warn of a dangerous natural condition — unusual sand bar activity in that area, caused by the existence of a man-made jetty — which was not known or obvious to an ordinarily intelligent person but was known to defendant because of three previous accidents between 1952 and 1974. The Appellate Division reversed and dismissed the complaint, refusing to impose a duty to warn, both because of the natural, highly transitory character of the sand bars, making any warning impractical and of little value, and because plaintiff himself knew or should have known of any danger posed by the sand bars.
 

 To be liable in damages for failure to warn of a dangerous condition, a property owner must have notice of the condition itself as well as the unreasonable risk it creates. Here, defendant could not anticipate a danger to swimmers simply from the existence of the natural, shifting condition of sand bars in the ocean (cf.
 
 Preston v State of New York,
 
 59 NY2d 997) and, on a beach visited by millions of bathers, defendant was not placed on notice of a danger by virtue of three similar incidents over the preceding 24 years. Since defendant did not in these circumstances have a duty to warn, we do not reach the issue of causation.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, with costs, in a memorandum.