■ Angela Sartoris, Appellant, v State of New York et al., Respondents.—In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from a

judgment of the Court of Claims (Blinder, J.), dated May 8, 1986, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

A review of the record supports the trial court's determination that the claimant failed to establish that negligence on the part of the Jones Beach lifeguards contributed to the apparent death by drowning of the claimant's decedent.

Also without merit is the claimant's contention that the defendant Long Island State Park and Recreation Commission breached a duty to warn potential bathers of a dangerous lateral "sweep" condition along the shoreline. The record is bereft of evidence that the employment of such warnings would have prevented the mishap or altered the behavior of the claimant's decedent, an experienced ocean swimmer. One who engages in water sports assumes the reasonably foreseeable risks inherent in the activity (*Herman v State of New York,* 94 AD2d 161, *affd* 63 NY2d 822, *rearg denied* 64 NY2d 755). Furthermore, there was no evidence that the allegedly hazardous water conditions were not readily observable to all at the beach (*cf., Cimino v Town of Hempstead,* 110 AD2d 805, *affd* 66 NY2d 709). We further note that the claimant did not even show that the warnings which she contended to be necessary were not employed. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.