■ DEREK J. ANELLO et al., Respondents, v TOWN OF BABYLON, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated October 30, 1987, as, upon reargument, adhered to its original determination made in an order dated May 28, 1987, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order dated October 30, 1987 is reversed insofar as appealed from, on the law, with costs, the order dated May 28, 1987 is vacated, and upon reargument, the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff Derek J. Anello was injured when, after undressing and removing his glasses, he suddenly dove head first into the shallow end of the defendant town's swimming pool, located in Deer Park, New York. At the time of the accident, he was 17 years old and was an experienced swimmer. The record indicates that at the time of the accident there was a sign at the entrance to the pool containing the admonition "DIVING IN DIVING AREA ONLY". In addition, there were markings on the edge of the pool, from which the injured plaintiff dove, stating "NO DIVING" and indicating that the depth of the water was only three feet. Under similar factual scenarios, the courts of this State have consistently dismissed plaintiffs' complaints on the ground that "[o]ne who engages in water sports assumes the reasonably foreseeable risks inherent in the activity" *(Sartoris v State of New York,* 133 AD2d 619, 620; *Herman v State of New York,* 94 AD2d 161, *affd* 63 NY2d 822; *Caris v Mele,* 134 AD2d 475). Contrary to the plaintiffs' argument, it is clear from this record that the defendant's

lifeguard's alleged failure to warn the injured plaintiff was not a proximate cause of the accident. Accordingly, the order must be reversed insofar as appealed from, and the defendant's motion for summary judgment dismissing the complaint must be granted. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.