■ WILLIAM PEREZ, Appellant, v TOWN OF EAST HAMPTON et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), dated November 10, 1988, which, upon granting the motion of the defendant Town of East Hampton and the cross motion of defendants 511 Equitis Corporation/Overseas Discount, Montauk Improvement, Inc., and Shopping Co., Inc., for summary judgment dismissing the complaint insofar as it is asserted against them and any cross claims against them, and, upon searching the record dismissing the complaint against the defendant County of Suffolk, is in favor of the defendants and against him.

Ordered that the order and judgment is affirmed, with costs, one bill of costs payable to the respondents appearing separately and filing separate briefs.

On July 22, 1985, the plaintiff and a friend went swimming in East Hampton, New York, at a place known as "Waves Beach". The plaintiff jogged about 10 yards into the surf until the water was up to his waist and made a surface dive. He hit his head on a submerged sandbar and as a result sustained serious and permanent injuries.

The trial court correctly granted summary judgment in favor of the defendants pursuant to the principal enunciated in *Herman v State of New York* (63 NY2d 822, *affg* 94 AD2d 161), a case involving almost identical facts. Under *Herman,* property owners are relieved of the duty to warn of sandbars. The imposition of such a duty would be impractical, owing to the transitory nature of sandbars *(see also, La Rocco v State of New York,* 8 AD2d 644). The plaintiff's efforts to distinguish *Herman* are unavailing. Moreover, a person who participates in a sport such as swimming assumes the reasonably foreseeable risks inherent therein *(see, Herman v State of New York,* 94 AD2d 161, 164, *affd* 63 NY2d 822, *supra; see also, Sartoris v State of New York,* 133 AD2d 619). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.