■ JOHN SMYTH et al., Appellants, v COUNTY OF SUFFOLK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Namm, J.), entered October 12,

1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff John Smyth sustained personal injuries after executing a surface dive into the ocean at Smith Point Beach in Suffolk County and striking his head on the ocean floor. In the instant action against the County of Suffolk, he alleged, *inter alia,* that the County failed to warn him of the allegedly dangerous condition existing on the ocean floor. The Supreme Court dismissed the plaintiffs' action, concluding, *inter alia,* that the defendant County owed no duty to warn the injured plaintiff of transitory ocean floor conditions. We affirm.

As this court has previously observed, "[o]ne who engages in water sports assumes the reasonably foreseeable risks inherent in that activity" *(Sartoris v State of New York,* 133 AD2d 619, 620; *see also, Herman v State of New York,* 63 NY2d 822; *Anello v Town of Babylon,* 143 AD2d 714). Further, "[t]o be liable in damages for failure to warn of a dangerous condition, a property owner must have notice of the condition itself as well as the unreasonable risk it creates" *(Herman v State of New York, supra,* at 823; *La Rocco v State of New York,* 8 AD2d 644). At bar, the Supreme Court properly concluded that the defendant was not duty bound to anticipate and protect against threats to swimmers arising from the existence of natural, transitory conditions of the ocean floor *(see, Herman v State of New York, supra).*

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.