■ STEVEN KERSAT et al., Respondents, v MICHAEL BLAZA-VICH, Defendant and Third-Party Plaintiff-Appellant-Respondent, and JEFFREY KNIGHT, Appellant. CHARLES SMITH, Third-Party Defendant-Appellant.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Fischer, J.), entered May 17, 1990 in Broome County, which denied defendants' motions for summary judgment dismissing the complaint and third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff Steven Kersat (hereinafter plaintiff), who was water-skiing on Cayuga Lake in Tompkins County, was severely injured when he was struck by the propeller of a passing motor boat being driven by defendant Michael Blazavich. Defendant Jeffrey Knight drove the boat behind which plaintiff was skiing; third-party defendant, Charles Smith, was acting as spotter in the Knight boat. Apparently, Knight steered his boat in a southerly direction past Blazavich's boat, executed a teardrop turn, and retraced his route toward the Blazavich boat. As plaintiff skied across the wake left by the Knight boat, which was then heading toward the Blazavich boat, plaintiff dropped the tow rope. Whether the Knight boat crossed in front of the Blazavich boat, and whether it did so too closely, is in dispute. Although the Blazavich boat had been stopped while its occupants readied a novice skier, immediately after plaintiff dropped the tow rope Blazavich started his boat forward, striking plaintiff.

Plaintiff and his wife commenced this negligence action against Blazavich and Knight. Blazavich then brought a third-party action against Smith. Their summary judgment motions having been denied, all of the defending parties appealed.

It is urged that plaintiff's implied assumption of the reasonably foreseeable risks inherent in the sport of water skiing bar this action *(see, e.g., Anello v Town of Babylon,* 143 AD2d 714; *see generally, Turcotte v Fell,* 68 NY2d 432, 437-439). Pursuant to maritime law, however, which it is suggested applies to an accident occurring on Cayuga Lake, assumption of the risk does not prohibit suit, but merely mitigates damages *(Edward*

*Leasing Corp. v Uhlig & Assocs.,* 785 F2d 877, 886; *Gemp v United States,* 684 F2d 404, 408-409; *see, Sacony-Vacuum Oil Co. v Smith,* 305 US 424, 431).

It is also argued that because plaintiff had on two occasions preceding the accident recklessly skied toward, and even into, the Blazavich boat from behind, it may be implied that he did so just prior to the accident. Whether such an intervening event may fairly be implied and whether, if implied, it was an unforeseeable superseding event absolving defendants of liability, present questions of fact requiring resolution by the factfinder *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

Smith's motion for summary judgment should, however, have been granted. Blazavich's third-party complaint alleges that Smith "fail[ed] to properly warn the plaintiff to stay away from the boat operated by * * * Blazavich, fail[ed] to warn * * * Knight to alter the course of the motor boat to avoid a hazardous situation, fail[ed] to warn * * * Knight to signal the boat operated by * * * Blazavich, and [Smith] otherwise breached his duty of care as a spotter". The deposition testimony of both Knight and Smith, however, make it quite clear that immediately before the accident Smith not only signaled plaintiff to ski away from the other boat, but warned Knight of plaintiff's endangerment.

Mahoney, P. J., Casey, Mikoll and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for summary judgment; said motion granted, summary judgment awarded to third-party defendant and third-party complaint dismissed; and, as so modified, affirmed.