■ DAVID HEARD et al., Respondents, v CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Dunlop, J.), entered March 8, 1990, which, upon a jury verdict finding the defendant entirely at fault in the happening of the accident, is in favor of the plaintiff David Heard and against it in the principal sum of $10,000,000, and is in favor of the plaintiff Teresa Heard and against it in the principal sum of $28,072.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

We agree with the defendant City of New York (hereinafter the City) that the court erred in denying its motion to dismiss the complaint at the end of the plaintiffs' case for failure to establish a prima facie case. The record reveals that the 17-year-old plaintiff David Heard, accompanied by several friends, went to Rockaway Beach in Queens on August 12, 1985. There, they jumped and dove off the jetty at that beach for some 10 or 20 minutes. Thereafter, according to the jury's finding, a lifeguard, who had repeatedly and unsuccessfully indicated to the plaintiff David Heard that he should come out of the water, relented and permitted him to dive, which resulted in severe injuries to him. There was also evidence that, as a result of the action of the sea currents, the level of the sand around the jetty was constantly changing rendering the build-up of sand dangerous to swimmers near the jetty.

It is settled that a "defendant [is] not * * * bound to anticipate and protect against threats to swimmers arising from the existence of natural, transitory conditions of the ocean floor" such as sandbars *(Smyth v County of Suffolk,* 172

AD2d 741, 742, citing *Herman v State of New York,* 63 NY2d 822, 823, *affg* 94 AD2d 161; *see also, Perez v Town of E. Hampton,* 166 AD2d 640). Moreover, the record indicates that, while the companions of the plaintiff David Heard responded to the lifeguard's orders to get off the jetty, Heard refused to leave and intransigently continued to ask the lifeguard for "one last dive". In such circumstances, the dual causes of the injuries suffered by the injured plaintiff were the sandbar and his insistence on taking another dive. Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.