■ OLIVER JAQUISH, Respondent, v HOWARD LAWRENCE, Appellant. [625 NYS2d 681] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Plumadore, J.), entered March 24, 1994 in Saratoga County, which partially denied defendant's cross motion for summary judgment dismissing the complaint.

Defendant permitted William Murray & Sons to log trees from property owned by him for an agreed remuneration. Defendant did not participate in the logging operation. During the logging process, plaintiff, Murray's employee, was injured while felling a hemlock tree when another tree, entangled with the hemlock, came down and struck him. Plaintiff sued defendant seeking recovery for his injuries. Plaintiff sought partial summary judgment against defendant based on Labor Law § 241 (6). Defendant cross-moved for summary judgment dismissing the entire complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion insofar as the Labor Law claims are asserted, but denied defendant's motion to dismiss the cause of action based on common-law negligence finding an issue of fact to exist. This appeal followed.

Defendant contends that summary judgment dismissing the complaint was indicated in that plaintiff failed to submit evidence in admissible evidentiary form to establish that a question of fact existed as to whether defendant was liable to him in damages for failure to warn of a dangerous condition.

Plaintiff's common-law cause of action is based on the premise that the presence of a rotted tree, hung up in the tree plaintiff was cutting and which struck plaintiff, was the dangerous condition of which he should have been warned (see, Herman v State of New York, 63 NY2d 822). Plaintiff's sworn statement indicates that he was cutting a 70 to 80-foot hemlock and that after it was notched, he recalls nothing. He was told by his boss that he was hit by a tree entangled with the one he was cutting and which was rotted at the stump. Plaintiff indicated that he never noticed the other tree although he looked for intertwined trees before cutting.

Defendant's cross motion for summary judgment should have been granted in toto. Where a party sets forth sufficient grounds upon which to grant summary judgment, the other party must oppose with evidentiary proof in admissible form, sufficient to raise an issue of fact (Zuckerman v City of New

*York,* 49 NY2d 557, 562). Here, plaintiff's affidavit fails to support a cause of action in negligence against defendant. The only showing of how the accident happened was based on hearsay. Plaintiff failed to establish by sufficient evidence in admissible form what question of fact existed as to the existence of a dangerous condition on which defendant's liability would rest. Defendant is thus entitled to summary judgment.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion regarding plaintiff's common-law negligence cause of action; cross motion granted to that extent and defendant awarded summary judgment dismissing said claim; and, as so modified, affirmed.