■ THEODORE SALAND et al., Appellants, v VILLAGE OF SOUTHAMPTON, Respondent. [662 NYS2d 322] —In an action to recover damages for personal injuries, the plaintiffs appeal from

an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 30, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Theodore Saland sustained serious personal injuries after he jogged down to the surf and dove head-first into a submerged sandbar while going for a swim at Cooper's Beach, a public facility owned and operated by the defendant Village of Southampton. The plaintiffs claim that the defendant was negligent in failing to warn of the presence of the sandbar and/or prohibit diving in the area.

To be liable in damages for failure to warn of a dangerous condition, a property owner must have notice of the condition itself as well as the unreasonable risk it creates (*Herman v State of New York,* 63 NY2d 822, 823). Viewing all of the papers submitted in connection with the defendant's summary judgment motion, including the plaintiffs' expert report and affidavit, we find that the defendant was not duty-bound to anticipate and protect against threats to swimmers arising from the existence of natural, transitory conditions of the ocean floor (*see, Herman v State of New York, supra*). Moreover, a person who engages in water sports assumes the reasonably foreseeable risks inherent in that activity (*see, Smyth v County of Suffolk,* 172 AD2d 741; *Perez v Town of E. Hampton,* 166 AD2d 640). Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.