■■■ JOHN F. JOSLYN, Individually and as Administrator of the Estate of TAMMY J. JOSLYN, Deceased, et al., Appellants, v VILLAGE OF SYLVAN BEACH et al., Respondents. (Appeal No. 1.) [682 NYS2d 781] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action against the Village of Sylvan Beach (Village) and the County of Oneida (County), seeking to recover for the drowning of plaintiffs' 10-year-old daughter in Oneida Lake. Plaintiffs allege that the Village was negligent in its ownership, operation and supervision of the "sandy beach" from which plaintiffs' daughter gained access to the lake. As limited by their brief, plaintiffs allege that the County breached its ministerial duty to enforce, against the Village, State regulations governing bathing beaches (*see generally,* 10 NYCRR 6-2.1 *et seq.*).

Plaintiffs appeal from a judgment dismissing the complaint based on an order granting defendants' respective motions for summary judgment.

Supreme Court properly granted summary judgment to the County. Enforcement of a statute or regulation is a distinctly governmental function as to which liability may not attach absent a special relationship giving rise to a special duty on the part of the municipality to exercise care for the benefit of a particular class of individuals (*see, O'Connor v City of New York*, 58 NY2d 184, 190-192, *rearg denied* 59 NY2d 762; *Sanchez v Village of Liberty*, 42 NY2d 876, 877-878; *Quinn v Nadler Bros.*, 92 AD2d 1013, 1014, *affd* 59 NY2d 914; *Newhook v Hallock*, 215 AD2d 804, 805; *Bounauito v Floyd School Dist.*, 203 AD2d 225, 226). The County established that there was no special relationship, and plaintiffs failed to raise an issue of fact.

The court erred, however, in granting summary judgment to the Village. The Village failed to sustain its initial burden on its motion of demonstrating its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Indeed, the Village's submissions raise triable questions of fact concerning whether the Village owned or operated the beach and negligently failed to supervise bathing by the public at that location (*see, Caldwell v Village of Island Park*, 304 NY 268, 273-276; *cf., Jacques v Village of Lake Placid*, 39 AD2d 163, 164-165, *affd* 32 NY2d 739; *Christian v City of Binghamton*, 28 AD2d 611, 611-612). (Appeal from Judgment of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.