AMBER DEWICK, Individually and as Administrator of the Estate of DANIEL DEWICK, Deceased, Appellant, v VILLAGE OF PENN YAN et al., Respondents. MAYNARD KERRICK, Individually and as Administrator of the Estate of TRINA KERRICK, Deceased, Appellant, v VILLAGE OF PENN YAN et al., Respondents. AMBER DEWICK, Individually and as Administrator of the Estate of DANIEL DEWICK, Deceased, Appellant, v VILLAGE OF PENN YAN et al., Respondents. MAYNARD KERRICK, Individually and as Administrator of the Estate of TRINA KERRICK, Deceased, Appellant, v VILLAGE OF PENN YAN et al., Respondents. [713 NYS2d 592] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaints. These actions were commenced to recover damages for the wrongful deaths of Trina Kerrick and Daniel DeWick, who drowned in Keuka Lake on June 19, 1995. Kerrick allegedly gained access to the lake from the beach at Indian Pines Park, which is owned by defendant Village of Penn Yan. While wading in the water, she stepped from a sandbar where the lake bottom drops off and became caught in an undertow or current. DeWick drowned trying to save her. Neither of them could swim. The accident occurred on a hot day, four days before the beach officially opened for the season.

The complaints allege that defendants negligently failed to enforce their regulations prohibiting swimming when the beach is closed and there are no lifeguards on duty. "Enforcement of a statute or regulation is a distinctly governmental function as to which liability may not attach absent a special relationship giving rise to a special duty on the part of the municipality to exercise care for the benefit of a particular class of individuals" (*Joslyn v Village of Sylvan Beach,* 256 AD2d 1166, 1167). Defendants established that there was no such relationship, and plaintiffs failed to raise a triable issue of fact. Indeed, plaintiffs conceded the lack of a special relationship.

The complaints also allege that defendants negligently failed to post "no swimming" signs and otherwise failed to comply with State regulations governing bathing beaches. Defendants met their initial burden of proof with respect to that allegation, and plaintiffs failed to raise a triable issue of fact.

Plaintiffs also allege in support of their negligence claim that defendants failed to warn specifically about the dangerous condition caused by the drop-off and current. Defendants, however, established that the beach was closed and that "no swimming" signs were posted. Plaintiffs failed to present any evidence that additional signs were necessary or would have made a difference. Furthermore, the risk of reaching a drop-off is a reasonably foreseeable risk inherent in wading into a lake as Kerrick did in this case. "One who engages in water sports assumes the reasonably foreseeable risks inherent in the activity" (*Sartoris v State of New York*, 133 AD2d 619, 620; *see, Saland v Village of Southampton*, 242 AD2d 568, 569, *lv denied* 91 NY2d 803; *Smyth v County of Suffolk*, 172 AD2d 741, 742; *Perez v Town of East Hampton*, 166 AD2d 640). Additionally, the current is alleged to have resulted from the presence of the sandbar. There is no duty to warn of the presence of natural transitory conditions, such as sandbars (*see, Herman v State of New York*, 63 NY2d 822, *rearg denied* 64 NY2d 755; *Saland v Village of Southampton, supra*, at 569; *Smyth v County of Suffolk, supra*, at 742; *Perez v Town of East Hampton, supra*). (Appeal from Order of Supreme Court, Yates County, Falvey, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.