IRENE LODGE-STEWART, Individually and as Administrator of the Estate of NATHALIE LODGE, Deceased, and as Guardian of TENAE TERELL LODGE, an Infant, Appellant, v STATE OF NEW YORK, Respondent. [845 NYS2d 501]—

Rose, J. Appeal from an order of the Court of Claims (Collins, J.), entered April 25, 2006, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

Following the murder of her daughter by a parolee under defendant's supervision, claimant filed a claim alleging that, among other things, defendant had failed to adequately supervise the parolee in accordance with the provisions of its Division of Parole Policy and Procedures Manual. In particular, claimant alleged that the Manual required defendant's parole officers to make home visits and otherwise regularly confirm that the parolee was obeying his hours of curfew. Although claimant demanded disclosure of the Manual in May 2005 and defendant refused to provide anything other than a copy of its table of contents without a court order, she took no further action to obtain any of the contents until after she had served a trial note of issue and certificate of readiness. When defendant moved for, among other things, summary judgment dismissing the claim, claimant cross-moved for a continuance on the ground that the Manual may contain information essential to oppose the motion. The Court of Claims denied claimant's cross motion and granted defendant's motion for summary judgment.

Claimant now appeals, arguing that she should have been granted a continuance to enable her to obtain disclosure of the Manual, and her claim should not have been summarily dismissed because she alleged that defendant's officers had been negligent in the performance of ministerial acts. We cannot agree. Even assuming that the Manual prescribed exclusively

ministerial acts and defendant's officers failed to comply with those prescriptions, an essential element is missing. The threshold issue in any negligence action is whether the defendant owes a legally recognized duty of care to the plaintiff (*see e.g. Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 586-587 [1994]). As the Court of Appeals explained in *Lauer v City of New York* (95 NY2d 95, 99 [2000]), if the acts forming the basis of a claim against a governmental entity are ministerial, they are actionable only if they are otherwise "tortious," and the injured party must show that the defendant owed not merely a general duty to the public, but a specific duty to him or her. "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*id.* at 100 [citations omitted]). Here, claimant failed to allege or show that in supervising the subject parolee, defendant owed her daughter an enforceable duty to comply with its supervisory procedures and policies different from that owed to the public generally (*see also Joslyn v Village of Sylvan Beach*, 256 AD2d 1166, 1167 [1998]). Nor does she suggest that disclosure of the Manual would have revealed a direct duty owed to her daughter (*see e.g. George S. May Intl. Co. v Thirsty Moose, Inc.*, 19 AD3d 721, 722 [2005]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.