■ JOHN A. JAHIER, Respondent, v EDITH JAHIER et al., Appellants. [857 NYS2d 195]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 20, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On June 10, 2002 the plaintiff, then a 17-year-old experienced swimmer, was injured when he dove into the in-ground residential swimming pool owned by his grandparents Edith Jahier and Louis Jahier. On that day, the plaintiff and his friends were swimming, cannon-balling, jack-knifing, and playing with a black inner tube in the pool. There was evidence that the young men were jumping off the diving board onto the inner tube. The plaintiff dove into the subject pool from the diving board, and hit his head on the bottom of the pool.

The plaintiff commenced this action against his grandparents to recover damages for his personal injuries. The pool had been installed by an independent contractor approximately 40 years prior to the incident. The grandparents moved for summary judgment dismissing the complaint on the grounds that the plaintiff assumed the risk of diving into the pool and that they were not liable for the alleged negligent design of the swimming

pool as it was installed by an independent contractor. On December 15, 2006 Louis Jahier died. Edith Jahier was named executor of his estate and, in that capacity, she was substituted as a defendant in the action in place of the decedent. The Supreme Court denied the motion for summary judgment. We reverse.

Pursuant to the doctrine of primary assumption of risk, a participant in a sporting activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Salas v Town of Lake Luzerne*, 296 AD2d 643, 646 [2002]). As this Court has particularly observed, "[o]ne who engages in water sports assumes the reasonably foreseeable risks inherent in the activity," including swimming and diving (*Sartoris v State of New York*, 133 AD2d 619, 620 [1987], citing *Herman v State of New York*, 94 AD2d 161, 164 [1983], *affd* 63 NY2d 822 [1984]; *see Saland v Village of Southampton*, 242 AD2d 568, 569 [1997]; *Garcia v City of New York*, 205 AD2d 49, 54 [1994]; *Smyth v County of Suffolk*, 172 AD2d 741, 742 [1991]; *Anello v Town of Babylon*, 143 AD2d 714 [1988]).

Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of the risk by demonstrating that the plaintiff—an experienced swimmer who began swimming at a young age—knew that the risk of striking the bottom of the pool was a risk inherent to diving into the swimming pool. The evidence submitted by the defendants established that the plaintiff was highly familiar with the subject pool as he began swimming there at age 10, and, between the ages of 13 and 17, when the accident occurred, he dove into the pool more than 50 times.

Moreover, the defendants submitted evidence that the pool was installed by an independent contractor in 1961 and had been used by the plaintiff's family and others for more than 40 years without any incident or complaint. A licensed professional engineer with 35 years' experience in swimming pool construction provided an affidavit on the defendants' behalf affirming that the pool was "not constructed or maintained in derogation of" any town or state code "on or before the day of the accident."

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants had notice that the pool was dangerous or hazardous (*see Herman v State of New York*, 63 NY2d 822, 823 [1984];

*Saland v Village of Southampton*, 242 AD2d at 569). The architect's affidavit and report submitted by the plaintiff relied largely upon certain recommendations promulgated by the National Swimming Pool Institute (hereinafter the NSPI). However, there was no competent proof that the NSPI recommendations regarding configurations of swimming pools "establish or are reflective of a generally-accepted standard or practice in [residential swimming pool] settings" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544-545 [2002]). Nor was there evidence that the architect had any practical or general experience with, or personal knowledge of, swimming pool design or manufacture (*see e.g. O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513-514 [2007]; *Rosen v Tanning Loft*, 16 AD3d 480, 481 [2005]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399, 399-400 [2002]; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296 [2000]). Therefore, the conclusions of the architect regarding the safety of the swimming pool were insufficient to raise a triable issue of fact.

In light of our determination, we need not address the defendants' remaining contention. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur. [*See* 2006 NY Slip Op 30057(U).]