Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered February 2, 2012, which, insofar as appealed from as limited by the briefs, denied the motion of the municipal defendants (City) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Dismissal of the complaint as against the City is warranted in this action where the 14-year-old decedent drowned after she and friends scaled a fence, ignored signs prohibiting swimming, and entered into the Bronx River, which runs through River Park, even though she did not know how to swim. Although the City has a duty to maintain its property in a reasonably safe condition, in view of all the circumstances (see Basso v Miller, 40 NY2d 233, 241 [1976]), “the duty to take reasonable precautions does not extend to open and obvious conditions that are *594 natural geographic phenomena which can readily be observed by those employing the reasonable use of their senses” (Cohen v State of New York, 50 AD3d 1234, 1235 [3d Dept 2008], lv denied 10 NY3d 713 [2008] [internal quotation marks omitted]; see Fox v Central Park Boathouse, LLC, 71 AD3d 598 [1st Dept 2010]).
Here, the risk of drowning at the location of the river where the decedent drowned was open and obvious, particularly to a non-swimmer (see Melendez v City of New York, 76 AD3d 442 [1st Dept 2010]). The presence of debris and tree branches in the river was a natural, transitory occurrence in a river (see e.g. Herman v State of New York, 63 NY2d 822 [1984]). Contrary to the motion court’s determination, further discovery is unnecessary since the dangers and risks posed by swimming in the river were apparent. Concur — Friedman, J.E, Moskowitz, DeGrasse, Richter and Gische, JJ.