Mugnai v Town of Oyster Bay (2018 NY Slip Op 05324)





Mugnai v Town of Oyster Bay


2018 NY Slip Op 05324


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-12422
 (Index No. 600326/14)

[*1]Toni-Ann Mugnai, etc., appellant, 
v
Town of Oyster Bay, respondent, et al., defendant.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Nicole M. Ciolko of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated September 26, 2016. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated January 13, 2016, granting the motion of the defendant Town of Oyster Bay for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated September 26, 2016, is affirmed insofar as appealed from, with costs.
The plaintiff, by her mother, commenced this action to recover damages against the Town of Oyster Bay and the County of Nassau, alleging that the then-13-year-old plaintiff was injured when she came into contact with a "large, jagged, submerged rock" while swimming underwater in an area the Town cordoned off and designated for swimming at the Theodore Roosevelt Memorial Beach and Park (hereinafter Roosevelt Beach). The action was subsequently discontinued against the County. Following discovery, the Town moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that the plaintiff assumed the risk of her activities and that the Town cannot be liable for naturally occurring phenomena such as rocks at the bottom of the sea bed. The Supreme Court granted the Town's motion based on the primary assumption of risk doctrine. Upon granting the plaintiff's subsequent motion for leave to reargue, the court adhered to its prior determination. The plaintiff appeals, and we affirm, albeit on a ground different from that relied upon by the court.
The Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that the condition complained of was a naturally occurring phenomenon, inherent in the nature of the landscape at Roosevelt Beach, that it "could not reasonably be expected to remedy" (Weisberg v Town of Wallkill Boys & Girls Club, Inc., 126 AD3d 787, 788 [internal quotation marks omitted]; cf. Demuth v Best Buy Stores, L.P., 85 AD3d 713, 714). Moreover, a defendant is "not bound to anticipate and protect against threats to swimmers arising from the existence of natural, transitory conditions of the ocean floor" and the dangers created by those conditions (Heard v City of New York, 186 AD2d 108, 108, affd 82 NY2d 66; see Herman v State of New York, 63 NY2d 822, 823; Courtney v State of New York, 153 AD3d 780, 781; Smyth v County of Suffolk, 172 AD2d 741, 742). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its original determination granting the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court