Carol S. v State of New York (2020 NY Slip Op 04017)





Carol S. v State of New York


2020 NY Slip Op 04017


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


39 CA 19-01459

[*1]CAROL S. AND ROBERT S., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF J.S., AN INFANT, AND M.S., AN INFANT, CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 126498.) 






FARACI LANGE, LLP, ROCHESTER (KATHRYN LEE BRUNS OF COUNSEL), AND SMILEY & SMILEY, NEW YORK CITY, FOR CLAIMANTS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered January 11, 2019. The order denied claimants' motion for partial summary judgment on liability and granted defendant's cross motion for summary judgment dismissing the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced this premises liability action seeking damages for injuries they sustained when they were struck by a falling tree at Letchworth State Park and alleging that defendant was negligent in failing to inspect the park's trees and protect visitors to the park from injury. Claimants appeal from an order of the Court of Claims that denied their motion for partial summary judgment on the issue of liability and granted defendant's cross motion for summary judgment dismissing the claim, and we affirm.
Claimants were injured when a tree fell under its own weight and knocked down a second tree, which struck them while they were walking along a dirt path in a restricted area of the park. The dirt path on which the incident occurred had been closed to visitors for at least the past 45 years, primarily due to the risks associated with its access to a riverbed and areas with slippery and falling rocks. The dirt path was not marked on the park map and was not maintained. In order to enter it, a visitor would have to traverse a log positioned across the path, to which a sign reading "TRAIL CLOSED" had been affixed. In order to reach the location on the path where the tree fell onto claimants, one would further pass three signs reading, respectively, "STOP. TRAIL ENDS HERE," "END OF TRAIL. RESTRICTED AREA," and "STOP. RESTRICTED AREA" and two additional signs reading "TRAIL CLOSED." Park employees were aware, however, that certain visitors ignored the signs and accessed the path and riverbed. Park employees therefore conducted daily patrols in order to remove visitors who entered the restricted area. Visitors found in the restricted area were instructed to leave and sometimes ticketed or arrested for the violation. Alternative measures had been considered in the past in order to prevent visitors from accessing the closed path. However, visitors had removed fences that had been erected, and the size and soil composition of the area rendered more substantial physical barriers impractical.
After the incident, inspections of the tree revealed signs of rot and decay that the experts of both claimants and defendant opined would have been observable, prior to the incident, upon visual inspection. Although the park employed a policy of conducting year-round tree inspection and removal in "developed areas" such as picnic sites, campgrounds, and cabins, as well as along open roads and trails, the park did not conduct such an inspection of undeveloped areas such as [*2]the closed dirt path where the incident occurred, instead allowing trees in such areas to fall naturally.
We reject claimants' contention that the court erred in granting the cross motion. "It is well settled that a landowner has a duty to exercise reasonable care in maintaining his [or her] own property in a reasonably safe condition under the circumstances. The nature and scope of that duty and the persons to whom it is owed require consideration of the likelihood of injury to another from a dangerous condition on the property, the seriousness of the potential injury, the burden of avoiding the risk and the foreseeability of a potential plaintiff's presence on the property" (Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]; see Kush v City of Buffalo, 59 NY2d 26, 29-30 [1983]; Basso v Miller, 40 NY2d 233, 241 [1976]). "Ordinarily, a landowner's duty to warn of a latent, dangerous condition on his [or her ]property is a natural counterpart to [the] duty to maintain [the] property in a reasonably safe condition" (Galindo, 2 NY3d at 636; see Tagle v Jakob, 97 NY2d 165, 169 [2001]; Breau v Burdick, 166 AD3d 1545, 1546-1547 [4th Dept 2018]). Defendant is subject to the same rules of liability as apply to private citizens, and thus "must act as a reasonable [person] in maintaining [its] property in a reasonably safe condition in view of all the circumstances" (Preston v State of New York, 59 NY2d 997, 998 [1983]; see Basso, 40 NY2d at 241).
When determining whether defendant fulfilled its duty to warn claimants, "the issue is not whether another type or configuration of warning sign—one that is larger in size, brighter in color or stronger in tone—would have persuaded claimants . . . [against entering the closed path] or, having entered [it], compelled them to turn back," but rather "whether the signs that were provided by defendant . . . sufficiently conveyed the specific danger to which claimants . . . would be exposed by entering the [closed path]" (Arsenault v State of New York, 96 AD3d 97, 102 [3d Dept 2012]). Here, the sign affixed to the log placed across the opening of the closed path, along with the other signs affixed along the path, clearly advised that the path was closed, that the marked trail had ended, and that the area was restricted and warned visitors to stop. Although the sign did not specifically warn of a danger of falling trees in the restricted area, the record reflects that the reasons behind closing the dirt path were multiple and included dangers posed by falling rocks, slippery surfaces, and the danger posed by the riverbed to which the path led. Under these circumstances, we conclude that defendant fulfilled its duty to warn by affixing, in multiple locations, signs that sufficiently conveyed to visitors that the trail was closed and the area restricted and that they should proceed no further (see generally DeWick v Village of Penn Yan, 275 AD2d 1011, 1012 [4th Dept 2000]).
We likewise conclude that defendant fulfilled its "duty to exercise reasonable care in maintaining [its] own property in a reasonably safe condition" (Galindo, 2 NY3d at 636). Although defendant bore a duty of reasonable care, that duty did not require defendant to have " sanitized' " more "primitive" or undeveloped areas of what is an approximately 14,350-acre park (Preston, 59 NY2d at 998). Under the circumstances of this case, defendant fulfilled its duty to keep the park in a reasonably safe condition by inspecting and removing trees in developed areas and along open trails, by warning visitors at multiple locations that the path where the incident occurred was closed, and by policing the closed path by removing, warning, ticketing, and even occasionally arresting visitors who entered it, especially given that the record reflects that additional efforts at more robust physical barriers had either failed or were impractical for the purpose (see generally Galindo, 2 NY3d at 636; Arsenault, 96 AD3d at 104). Contrary to claimants' contention, "the fact that a relatively small group of [the park's total visitors] would disregard posted warning signs and violate park rules does not demonstrate either the existence of a pervasive enforcement problem or that defendant's efforts to curb such illegal conduct were deficient," and "proof of such violations is [not], under all of the attendant circumstances, sufficient to raise a question of fact as to either the adequacy of the warning signs provided or the reasonableness of defendant's efforts to keep park visitors out of harm's way" (Arsenault, 96 AD3d at 105).
Based on the above, we conclude that defendant established its entitlement to summary judgment by demonstrating that it fulfilled both its duty to warn and its duty of reasonable care in maintaining its property, and we further conclude that claimants failed to raise an issue of fact in opposition. Thus, the court properly granted defendant's cross motion. For the same reasons, the court properly denied claimants' motion. In light of our determination, we do not address the parties' remaining contentions.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court